## MAURICE v. HUNT.

Opinion delivered November 12, 1906.

1. PLEADING—AMENDMENT.—Plaintiff can not complain on appeal because the court permitted defendant to amend his-answer where plaintiff asked for no continuance on account thereof. (Page 480.)

2. TRIAL—OFFER OF EVIDENCE.—Where testimony offered by appellant was excluded for want of a proper foundation, appellant can not complain of its exclusion, though such foundation was subsequently laid, if he thereafter made no offer to reintroduce the evidence. (Page 480.)

3. EVIDENCE—VALUE.—Proof of what was paid for work was incompetent to prove the value thereof. (Page 480.)

4. INSTRUCTION—WHEN INAPPLICABLE.—When both parties agreed that there was a contract between them, but differed as to its terms, it was not error to refuse to instruct upon the theory that when there was no meeting of minds there could be no recovery upon contract. (Page 480.)

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; affirmed.

*Crawford & Gantt,* for appellant.

1. The allowance of amendments is a matter within the sound discretion of the trial court, subject to review by this court in case of abuse. 68 Ark. 314; 60 Ark. 526. When a cause has proceeded to trial upon the issues made, and no new defenses are disclosed by the testimony, it is an abuse of discretion to allow defendant to amend his answer by adding a new defense which comes as a surprise to the plaintiff. For an analogous case, see 75 Ark. 465.

2. It was error to refuse to permit witnesses to testify as to the value of their teams. 56 Ark. 37.

3. The fourth instruction asked for by plaintiff should have been given. If the parties do not understand each other, there is no contract. 9 Cyc. 398; 66 Ia. 362; 7 So. 230; 24 S. W. 566.

*Creed Caldwell, S. J. Hunt* and *T. M. Hooker,* for appellee.

1. The allowance of amendments is addressed to the sound discretion of the trial court, and they ought always to allow them where they appear to be in furtherance of justice. 53 Ark. 263; 25 Ark. 7; 26 Ark. 360; 22 'Ark. 164; 60 Ark. 526; 68 Ark. 314; 25 Ark. 7. This discretion will not be interfered with unless it is abused. 10 Ark. 428; 5 Ark. 208; 21 Ark. 329; 33 Ark. 838. Appellant, having failed to ask for a continuance at the time the amendment was made, will be deemed to have waived that right, if it existed. In an action of replevin under a mortgage the defendant may always show payment as a defense. Appellant can not plead surprise. Kirby's Digest, § 6869.

2. There was no error in refusing testimony of witnesses as to the value of their teams.

3. The case went to the jury upon a conflict of evidence, under proper instructions, and the verdict has sufficient evidence to support it. 48 Ark. 495; 51 'Ark. 467; 75 Ark. 111; 73 Ark. 377.

BATTLE, J. F. W. Maurice brought an action against James Hunt to recover possession of two gray mules and damages for their detention. He alleged in his complaint that he was the owner and was entitled to the possession of them, that they were each of the value of $150; and asked for judgment for the mules and $100 damages for their detention. Summons and an order of delivery were issued and executed, the plaintiff having given bond; and, the defendant failing to give bond for the purpose of retaining them, they were delivered to the plaintiff.

The defendant answered, and denied that plaintiff was the owner or entitled to the possession of the mules.

Plaintiff claims the mules under a mortgage executed by the defendant to Charles Pruden and J. B. Avery, partners doing business as Pruden & Company, by which the mules were mortgaged to Pruden & Company to secure the payment of a note executed by the defendant to them on the 6th day of January, 1904, for $350 and ten per cent. per annum interest thereon from date until paid, and due on the 6th day of February, 1904. Plaintiff purchased this note and mortgage from Pruden & Company, and they assigned the same to him. The sole question in the case

was, had the mortgage been satisfied? Plaintiff claimed that Hunt was indebted to him for note and for goods, wares and merchandise sold and delivered, and defendant alleged and testified that he had more than paid plaintiff all that he owed him by the labor and services of himself and his teams of horses and mules.

After the trial had commenced, and while one witness was testifying, the defendant was allowed to amend his answer by pleading payment, over the objection of the plaintiff. He asked for no continuance on account of such amendment.

After plaintiff had testified in his own behalf and stated what he agreed to pay the defendant for his teams, and no evidence to the contrary had been adduced, the court refused to allow him to prove by a witness, Avery, what the services or labor of such teams were worth. And the court refused to allow R. B. Maurice, the son of plaintiff, to testify in rebuttal, after the close of defendant's testimony, what the plaintiff paid for teams.

Each party adduced evidence in the trial tending to prove his claim as before stated.

After giving three instructions at the request of the plaintiff, the court refused the fourth as follows:

"4. If the jury believe from the evidence that the plaintiff intended to offer and did offer only four dollars per day, with board, for the services of defendant and a team of mules or horses, and that the defendant thought he was offered four dollars per day, with board, for each pair of mules or horses he furnished, then there was no agreement or contract of employment, and defendant is entitled to only the reasonable value of the services of his team and himself."

And among others gave the following:

"I. In this action the title of the plaintiff to the mules in controversy is based upon the mortgage executed by the defendant to Pruden & Company to secure the sum of $350 and interest. If there is any part of the debt so secured which remained unpaid and due at the time of the institution of this suit, then the plaintiff is entitled to recover. In ascertaining this fact—that is, whether there is any part of the debt so secured yet due—it becomes necessary for you to consider the state of the accounts existing between the two parties. As to the item for which

the defendant claims credit—that is, for work and labor perform-
ed by himself and his teams—the burden is on the defendant to
show by a preponderance of evidence what the contract was be-
tween him and the plaintiff, and how much he is entitled to re-
cover for·his services rendered in accordance with that contract.
If you find that the plaintiff was to pay the defendant the sum of
$4 per day for each team of two mules, or horses, furnished by
him, and his wagon, and his own services as driver, and was to
feed the team and the defendant, and that his rate of pay was to
be for "straight time"—that is, for all the time that elapsed—and
that there was to be no deduction for the time lost by defendant
and his teams by reason of wet weather or other causes not the
willful act of the defendant, and that the amount due defendant
under this contract for services so rendered by himself and his
teams is equal to or greater than the amount of the debt secured
with interest, and any other sums which the defendant may be
shown to have owed the plaintiff for goods, moneys or supplies
of any kind furnished him by plaintiff on open account,
then you should find for the defendant for the mules
in controversy, or their value as shown by the proof,
and also for the reasonable value of their use from the
time the same were taken away from the defendant un-
der the writ in this case and delivered to the plaintiff up to this
date, according to the proof. As to the items charged to the de-
fendant by the plaintiff in his account, the burden is on the plain-
tiff to show by a preponderance of testimony that he furnished
the same, and that the defendant either expressly agreed or was
liable to pay therefor under the terms of the contract between
them. The plaintiff could not have the right to arbitrarily charge
the defendant with anything; it must appear that the item charged
was either by virtue of an agreement between the parties, or that
it was a just and proper charge which the law would imply a
promise on the part of the defendant to pay. In arriving at your
verdict you should first consider the amount of the mortgage
debt, with interest thereon, as shown by the mortgage, to the be-
ginning of this suit. This much is undisputed. Second, you
should consider and add to the foregoing all of such sums as
you may find that the defendant was legally indebted to the plain-
tiff for, and liable to pay under the contract existing between

them, with six per cent. interest thereon to the same date. Adding these two together, you should set off against the sum so found whatever sum you may find that the defendant was entitled to receive from the plaintiff under his contract for the services of himself and his team, with interest on such sums from the time they were due at the rate of six per cent. per annum up to said date. If the amount due from the defendant to the plaintiff is larger than the amount due from the plaintiff to the defendant, then the plaintitff is entitled to recover. If the amount due from the plaintiff to the defendant is greater than the sum of all the credits that the plaintiff would be entitled to as aforesaid, the defendant would be entitled to recover the property in controversy, with damages for its detention as heretofore explained."

The jury returned a verdict in favor of the defendant, and plaintiff appealed.

Appellant has no right to complain of the amendment to appellee's answer. He never asked for a continuance on account of it. Appellee had the right to amend in furtherance of justice on such terms as the court, in the reasonable exercise of its discretion, might impose.

The court properly excluded the testimony of witness Avery as to value of services of teams. The evidence at the time it was offered showed that the parties had agreed as to the price to be paid for them, and there was no evidence to the contrary. Afterwards, when evidence had been adduced to prove that the contract was not as plaintiff testified, it might have been admitted, the proper foundation being laid, in rebuttal, but it was not offered.

The testimony of Maurice, offered to prove what the plaintiff, his father, paid for teams, was incompetent. That did not fix the value of such services. Others might have paid more.

The fourth instruction asked by the appellant and refused by the court should not have been given. There was no evidence that the parties understood the contract differently at the time it was made. Each testified positively as to its terms. Nothing indicated that they understood it differently at the time it was made, or that there was room for misunderstanding it. Whatever it was, the contract was simple and easily understood, and the evidence does not indicate that either did anything to mislead

the other.   They may have not remembered it alike, and the question for the jury was, what weight should be given to the testimony of each?   The question was fairly submitted to the jury by the instructions of the court.   Whatever they decided the contract to be, they must have found that both parties agreed to it.

Judgment affirmed.